## Nelson Morris

*v.*

## W. Howard Thompson.

1. Sale—*concealment of facts does not vitiate at law.* It is not the doctrine, at law, that the concealment of facts on a sale in open market will vitiate the sale.

2. Same—*when no warranty, maxim of caveat emptor applies.* Title is always impliedly warranted on the sale of a chattel, but not quality, and when a sale is made in open market, without any warranty as to the quality of the article sold, the maxim of *caveat emptor* applies.

Appeal from the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding.

Mr. W. H. Barnes, for the appellant.

Messrs. Dummer, Brown & Russell, for the appellee.

. MÌ. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the Morgan circuit court by Nelson Morris, plaintiff, and against W. Howard Thompson, defendant, for fraud and deceit on the sale of a certain lot of fat cattle by the former to the latter.    There were four counts in the declaration: the first, for falsely representing the cattle to be fat and free from disease; the second, for falsely warranting them to be fat and free from disease,— both counts alleging they were infected with Texas fever; the third count, for deceitfully suppressing the existence of said infection.    The fourth count alleges, the cattle were infected with " Texas fever," and that defendant had good reasons to believe they were so affected, and did not disclose such reasons; that the cattle were offered for sale in open market, where large numbers of fat cattle were daily sold, and that they had the appearance of being fat and fit for beef, etc.    A general demurrer was sustained to this count, and a trial had on the other counts, to which the plea of not guilty was pleaded. The jury found the issue for the defendant, and there was a judgment for costs against the plaintiff, to reverse which he appeals.

The first point made by appellant is, that the demurrer was improperly sustained to the fourth count.    He claims the law to be, on the sale of an article, that if the article has a defect known to the seller, and not known to the buyer, there is a legal as well as moral obligation upon the vendor to communicate to the vendee the fact, and the suppression of the fact is a fraud, and reference is made to *Lockridge* v. *Foster*, 4 Scam. 573.    That case was considered by this court in *Mitchell et al.* v. *McDougall*, 62 Ill. 498, where it is said, the extreme doctrine of some courts was, that undue concealment of a fact resting in the knowledge of one contracting party, which, if known to the other, would have prevented the contract, would, in equity, vitiate the contract,—with this qualification, however, that the party in possession of the facts must be under some special obligation, by confidence reposed, or otherwise, to com-

2—85TH ILL.

municate them truly and fairly, as held in *Fish* v. *Cleland*, 33 Ill. 243, and *Cleland* v. *Fish*, 43 ib. 282. At law, it is not the doctrine that concealment of facts on a sale in open market will vitiate the sale. This count was bad, then, in not averring knowledge on the part of the defendant that the cattle were infected.

The other counts are not sustained by the testimony. We think, on a careful examination of all the testimony in the record, the jury were well warranted in finding as they did. We will not recapitulate the testimony. The sale was made like any ordinary sale of cattle in the market, and there is no proof of an usage in such sales, that cattle thus sold were free from defects. The maxim of *caveat emptor* applies, and must have effect when there is no warranty. Title is always impliedly warranted on the sale of a chattel, but not quality. It is not clearly proved that the cattle sold in Albany were these cattle.

We find no fault with the ruling of the court on the testimony offered, nor do we find any with the instructions. They were properly disposed of, and the evidence fully sustains the verdict.

The judgment must be affirmed.

*Judgment affirmed.*