Dayton v. Kidder.

---

## John Dayton v. Frank L. Kidder.

1. SALES—*Rule of Caveat Emptor.*—While the rule of *caveat emptor* as applied to public sales of personal property is universally recognized in this country, there is not entire harmony in the holdings as to what duty rests upon the vendor in disclosing secret defects within his knowledge. In some jurisdictions it is held that if the vendor has knowledge of hidden defects in the article offered for sale, and especially of

such defects as would render it unfit for the purposes intended by the buyer, it is the duty of the vendor to disclose them, and that his failure to do so is actionable fraud. The weight of authority is, however, that mere silence upon the part of the seller when he knows the bidder is ignorant of the hidden defects, and with such ignorance buys what he otherwise would not, does not constitute such fraud as would bar an action. To that rule the courts of Illinois are committed.

2. SAME—*Acquiescing in False Statement of Auctioneer.*—Standing by and hearing an auctioneer make a false statement concerning property without correcting him, constitutes an acquiescence on the vendor's part in the false statement made by the auctioneer, and is an active fraud. It is not a passive concealment; it is a false averment.

**Trespass on the Case,** for fraudulent sale of diseased cattle. Appeal from Edgar County; the Hon. HENRY VAN SELLAR, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. with directions. Opinion filed November 1, 1902.

DUNDAS & O'HAIR and J. W. SHEPHERD, attorneys for appellant.

H. S. TANNER, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The court below sustained a general demurrer to appellant's amended declaration. Appellant stood by his declaration, whereupon the court dismissed his suit and rendered judgment against him for costs. The sole question for our decision, therefore, is the sufficiency of the amended declaration.

It alleges, in substance, that appellee was the owner of forty heads of cattle, which he consigned to one George Augustus to be sold at auction as sound cattle to the highest bidder; that the cattle were diseased and that appellee knew that they were diseased; that such disease was not known to appellant and could not be ascertained by ordinary inspection, and that there was nothing in either their actions or appearance at the time by which it could be discovered that the cattle were not sound and all right; that the cattle were thin and that Augustus, in explaining their condition, announced in the presence of appellee and appellant that they had been kept on short pasture, but would make good cattle, whereas their thin

condition was the result of disease from which they were then suffering. The declaration further avers that by reason of the statement of Augustus and the silence and fraudulent concealment of defendant in not making known the fact that the cattle were diseased, the plaintiff offered a sound price for them and the same were struck off to him for the sum of $990. It further alleges that had the cattle been sound and free from disease, they would have been worth the sum of $990, whereas, on account of the disease from which they were suffering, they were not worth more than $200. It further avers that after they were delivered to him, the sickness of the cattle increased so that, although he exercised all due care for them many of them died of the disease, while others became so disabled as to become worthless.

While the rule of *caveat emptor* as applied to public sales of personal property is universally recognized in this country, there is not entire harmony in the holdings as to what duty rests upon the vendor in disclosing secret defects within his knowledge. In some jurisdictions, it is held that if the vendor has knowledge of " hidden defects" in the article offered for sale, and especially of such defects as would render it unfit for the purposes intended by the buyer, it is the duty of the vendor to disclose them and that his failure to do so is actionable fraud. The weight of authority is, however, that mere silence upon the part of the seller when he knows the bidder is ignorant of the hidden defects, and with such ignorance buys what he otherwise would not, does not constitute such fraud as would bear an action. To that rule, the courts in Illinois are committed. Kohl v. Lindley et al., 39 Ill. 195; Morris v. Thompson, 85 Ill. 16.

The rule is based upon the necessity of letting men take care of themselves in their business dealings; and so the seller may let the buyer cheat himself *ad libitum*, provided he does not actively assist him in cheating himself. The law does not oblige the seller to disclose all that he knows which lessens the value of the property offered for sale.

He may be silent and leave the purchaser to inquire and examine for himself; but if he be more than silent, if he by acts and words leads the buyer astray, thereby preventing the latter from making further examination or inquiry, he becomes guilty of a fraud of which the law will take cognizance. The rule is thus stated by Mr. Justice Breese in Kohl v. Lindley et al., *supra :*

" To make the mere suppression of a fact such a fraud as will justify a court in declaring the contract void, we believe the modern and more correct doctrine to be, there must be something more than a failure to communicate facts within the knowledge of the party selling—there must be concealment; and that may consist, in withholding the information when it is asked for, or by making use of some device to mislead, thus involving act and intention."

The declaration charges in this case that the defendant, knowing that the cattle were diseased and knowing that that was the cause of their thin condition, heard the auctioneer announce, in the presence of the plaintiff, as a reason for their being in that condition, that they had been on short pasture, and that acting upon defendant's acquiescence in that statement, the plaintiff believed the cattle to be sound and that that was the reason why they were in a thin condition and, therefore, made no further inquiry, but purchased the cattle as sound. We think it was the duty of defendant, when he thus saw the plaintiff was misled by the false statement, to correct the statement of the auctioneer. He saw that the plaintiff was being misled by that statement and that that was doubtless the reason why he made no further inquiry concerning the cattle being in that condition. It was virtually an acquiescence on his part in the false statement made by the auctioneer. This we deem to be active fraud on the part of defendant. It was not a passive concealment; it was a false averment. It was not the vendor's silence, but his active misrepresentation by acquiescing in the words of his agent, the auctioneer, to the material damage of the buyer, that constituted the legal fraud. It allayed the buyer's suspicions; it helped him to cheat himself.

For the reason that the averments contained in the declaration show that appellee was guilty of active fraud, we reverse the judgment and remand the cause with directions to the Circuit Court to overrule the demurrer to the amended declaration.